CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2014




IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BERTHA A. BLACKISTON, | ) | |
| | ) | Civil Action No. 7:13CV00252 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Bertha A. Blackiston, was born on April 2, 1961. While Ms. Blackiston did not complete high school, she later earned a GED. Plaintiff worked for many years as an inventory clerk. She last worked on a regular basis in 2005. On January 22, 2010, Ms. Blackiston filed an application for a period of disability and disability insurance benefits. An earlier claim for social security benefits had proven unsuccessful. In filing her more recent application, Ms. Blackiston alleged that she

became disabled for all forms of substantial gainful employment on March 7, 2007 due to coccydynia; back pain; depression; swelling and itching in feet; varicose veins in left leg with swelling and pain; pain in left leg and left foot; and fatigue. She now maintains that she has remained disabled to the present time. The record reveals that Ms. Blackiston met the insured status requirements of the Act through the fourth quarter of 2010, but not thereafter. See, gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to a period of disability and disability insurance benefits only if she has established that she became disabled within the meaning of the Act on or before December 31, 2010. See gen., 42 U.S.C. § 423(a).

Ms. Blackiston's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 24, 2012, the Law Judge also determined that Ms. Blackiston is not disabled. The Law Judge found that, through the date last insured, plaintiff suffered from severe impairments including degenerative disc disease/coccydynia; hypertension; chest pain; history of varicose veins; depression; and anxiety. Because of these impairments, the Law Judge ruled that Ms. Blackiston was disabled for her past relevant work activities. However, the Law Judge held that, at all relevant times prior to termination of insured status, plaintiff possessed sufficient functional capacity to engage in alternate work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b). Specifically, the claimant needed a sit-stand option every 30 minutes (permitting postural changes without leaving the work station or abandonment of task); should have avoided hazards such as hazardous machinery, unprotected heights, and climbing ladders, ropes, or scaffolds; could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and was limited to simple, routine, repetitive, and unskilled tasks with no more than occasional interaction with others.

(TR 31). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge concluded that Ms. Blackiston retained sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately ruled that Ms. Blackiston was not disabled at any time prior to the termination of insured status, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Blackiston has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Ms. Blackiston has a history of musculoskeletal problems, primarily in her lower back and feet. She has been treated by a pain specialist for chronic coccydynia. Plaintiff suffers from hypertension, varicose veins in the left lower

extremity, and depression/anxiety. Her pain specialist, Dr. Murray Joiner, has administered steroid injections to her lower back on several occasions in order to reduce her pain, though with mixed results. Dr. Joiner has reported on several occasions that Ms. Blackiston is not capable of returning to work. In denying plaintiff's claim, the Administrative Law Judge relied heavily on a report from Dr. William H. Humphries, who performed a consultative examination on June 3, 2011. Dr. Humphries produced findings which indicate residual functional capacity for a limited range of light work activity, in which plaintiff is permitted to change positions between sitting and standing as needed. The Administrative Law Judge posed a hypothetical question to a vocational expert which included all of the physical limitations identified by Dr. Humphries, as well as additional restrictions based on Ms. Blackiston's emotional symptomatology. In response, the vocational expert identified several work roles in which plaintiff could be expected to perform. The court believes that the Law Judge's reliance on Dr. Humphries' report, and the Law Judge's assessment of plaintiff's physical limitations for purposes of the hypothetical question, are both reasonable and consistent with the evidence of record. Furthermore, it appears to the court that the vocational expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are also consistent with the evidence developed in Ms. Blackiston's case. In short, the court concludes that the Law Judge's opinion denying entitlement is supported by substantial evidence. It follows that the Commissioner's final decision must be affirmed.

On appeal to this court, plaintiff maintains that the Administrative Law Judge erred in discounting her testimony concerning the severity and debilitating effects of her pain. The court agrees that several of the observations made by the Law Judge in assessing plaintiff's credibility are questionable. For example, the court concurs that plaintiff's admission to the continued use of

cigarettes against medical advice, and the occasional use of marijuana, in and of themselves do not weigh against her credibility in describing her pain and other subjective manifestations. Nor does the receipt of long-term disability benefits through the insurance program of her past employer establish that plaintiff has lost the incentive to work. However, the fact remains that Dr. Humphries' assessment, which included consideration of plaintiff's subjective discomfort, simply does not support the notion that plaintiff's physical conditions could reasonably be expected to produce a totally disabling level of pain. It is well settled that in order for pain to be disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). In the instant case, the court must conclude that plaintiff's evidence falls short in establishing the existence of a condition which could reasonably cause the level of discomfort described by Ms. Blackiston in her testimony. Thus, the court concludes that the Commissioner's evaluation of plaintiff's subjective limitations is supported by substantial evidence.

In affirming the Commissioner's final decision, the court does not suggest that Ms. Blackiston is free of all pain, discomfort, depression, and anxiety. Indeed, the medical record confirms that plaintiff has suffered from a variety of physical problems and emotional stressors which can be expected to result in a wide range of adverse symptoms. However, it must again be noted that the vocational expert took all the work-related restrictions reasonably supported by the record into account in assessing plaintiff's capacity for alternate work activities. Once again, the court believes that the Law Judge properly accounted for all of the restrictions noted by Dr. Humphries, as well as the distractions caused by plaintiff's emotional symptoms, in questioning the vocational expert. Dr. Humphries' report clearly supports the finding that Ms. Blackiston could engage in a limited range

of light work if she takes proper measures to alleviate the pain in her tailbone. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, supra. It appears to the court that the Law Judge considered all of the subjective factors reasonably supported by the medical record in the adjudication of plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

DATED: This 27th day of February, 2014.

[signature]

Chief United States District Judge